02-10-392-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00392-CR

 

 


 
 
 ERNEST BUTCH SEXTON
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 43RD
 DISTRICT COURT OF PARKER
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Ernest Butch Sexton pleaded
guilty to failure to register as a sex offender in exchange for six months’
confinement in state jail, and the trial court entered judgment on this plea
bargain on May 18, 2010.  Because Sexton
did not file a motion for new trial, his notice of appeal was due June 17, 2010.  See
Tex. R. App. P. 26.2(a)(1).  Sexton did
not file his notice of appeal until September 17, 2010.  Additionally, the trial court’s certification
of defendant’s right of appeal states that this case “is a plea-bargain case,
and the defendant has NO right of appeal” and “the defendant has waived the
right of appeal.”  See Tex. R. App. P. 25.2(a)(2), (d).

          On September 17, 2010, we notified
Sexton of our concern that we lacked jurisdiction over this appeal based on the
untimeliness of his notice of appeal and the trial court’s certification.  We informed him that we would dismiss the
appeal for want of jurisdiction unless he or any party desiring to continue the
appeal filed a response showing grounds for continuing the appeal by September
27, 2010. See Tex. R. App. P. 44.3.  We have received no response.

          A notice of appeal that complies with
the requirements of rule 26 is essential to vest this court with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly
held that, without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); see also Slaton, 981 S.W.2d at 210.  Furthermore, because Sexton plea-bargained,
he was subject to limitations on his right to appeal as set out in the trial
court’s certification.  See Tex. R. App. P. 25.2(a)(2)(A), (B).

          Because Sexton’s notice of appeal was
untimely and because the trial court’s certification reflects that Sexton has
no right of appeal or has waived his right of appeal, we have no basis for
jurisdiction over the appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.  See
Tex. R. App. P. 43.2(f).

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

 

PANEL:  
 
 
 
 
 
 
 MCCOY, 
 
 
 
 
 
 MEIER and 
 
 
 
 
 
 GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 4, 2010











[1]See Tex. R. App. P. 47.4.